**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-90001** |
| | § | |
| **ACCLIVITY ANCILLARY SERVICES** | § | **CHAPTER 11** |
| **LLC, ET AL.,[1]** | § | |
| | § | **(Jointly Administered)** |
| **DEBTORS** | § | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS' SECOND AMENDED JOINT COMBINED CHAPTER 11 PLAN AND DISCLOSURE STATEMENT**
[Relates to ECF No. 86]

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), hereby submits his limited objection to the *Debtors' Second Amended Joint Combined Chapter 11 Plan and Disclosure Statement* (the "Second Amended Plan"). In support of his objection, the U.S. Trustee respectfully represents the following:

**INTRODUCTION**

1. Acclivity Ancillary Services, LLC and its affiliated debtors (collectively referred to as the "Debtors") are seeking approval of broad exculpation coverage for the Chief Restructuring Officer (the "CRO") in direct violation of Fifth Circuit law. *See NexPoint Advisors, L.P. v. Highland Cap. Mgmt. L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 437–38 (5th Cir. 2022). The Fifth Circuit, in its decision in *Highland Capital*, made clear that exculpation

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Acclivity Ancillary Services LLC (0786) and Acclivity West, LLC (7677). The Debtors' mailing address is 11200 Broadway Street, Suite 2705, Pearland, Texas 77584

1

coverage under a Chapter 11 plan is limited only to a debtor, an official committee and its members, and in rare circumstances that are not present here, independent directors appointed to act as a bankruptcy trustee pursuant to a court order.[2] While the Bankruptcy Code provides that the Debtors can release their claims against third parties consistent with their business judgment, the controlling case law in this jurisdiction prohibits non-consensual third party limitations of liability against non-debtors. There is no legal basis to allow for qualified immunity, under the guise of exculpation, for an officer of the Debtors in the Second Amended Plan. Thus, the Court should require the Debtors to revise the Second Amended Plan to remove the CRO from the definition of "Exculpated parties" or deny confirmation of the Second Amended Plan.

### JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

2.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3.      This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

4.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

---

[2] In providing coverage for the independent directors in *Highland Capital*, the Fifth Circuit noted that the bankruptcy courts governance order addressed in its decision was "nontraditional" indicating that a corporate governance order directing the appointment of directors by a bankruptcy court was an unusual circumstance and not the norm. *Highland Cap.*, 48 F.4th at 437.

5.      The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11 cases, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

## BACKGROUND

6.      On January 21, 2024, the Debtors filed the Second Amended Plan. [ECF. No. 86].

7.      On January 22, 2024, the Court entered an order conditionally approving the disclosure statement and the solicitation procedures. [ECF No. 99].

8.      The Second amended Plan seeks to provide qualified immunity to an officer of the Debtor. Article 1.A.48 of the Second Amended Plan defines "Exculpated Party" and "Exculpated Parties" to mean "each and collectively, and in each case, in its capacity as such: (a) the Debtors, (b) the Creditors' Committee; (c) and each of the Creditors' Committee's members (in their capacities as members of the Creditors' Committee); and (d) **the Chief Restructuring Officer.**" *See* Second Amended Plan Article 1.A.48 (emphasis added).

9.      W. Marc Schwartz is the CRO and his employment application was approved on February 26, 2024. [ECF No. 152].

10.      The Second Amended Plan, if confirmed without modifications, would exculpate the Exculpated Parties, including the CRO, for any claims or causes of action related to "any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of

securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement…" Second Amended Plan Article VI.C. The Second Amended Plan would immunize conduct that occurred prepetition or post-petition and others of which may or will occur post-effective date since there are no clear temporal limitations.

11.    Unlike the third-party releases that are provided in Article VI.B of the Second Amended Plan, which allow for creditors to exercise an opt-out, creditors may not opt out of the exculpations and releases provided in Article VI.C of the Second Amended Plan.

## OBJECTION

### A.  Statutory Standards for Confirmation

12.    Section 1129 of the Bankruptcy Code outlines the requirements to confirm a chapter 11 bankruptcy plan. In relevant part, § 1129(a)(1) and (3) state that the Court shall confirm the plan if it complies with the applicable provisions of the Bankruptcy Code and is not proposed by any means forbidden by law.

### B.  The Exculpation Provisions in the Second Amended Plan Violate Fifth Circuit Law

13.    The Fifth Circuit affirmed that, in following its prior decision in *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee* (*In re Pacific Lumber Co.*) 584 F.3d 229 (5th Cir. 2009), and Section 524 of the Bankruptcy Code, "any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." *In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437 (5th Cir. 2022).

14.    Specifically, the Fifth Circuit in *Highland Capital* analyzed whether the independent directors could be exculpated and reached the following conclusion:

> That leaves one remaining question: whether the bankruptcy court can exculpate the Independent Directors under *Pacific Lumber*. We answer in

the affirmative. As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. See 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. *See In re Hilal*, 534 F.3d at 501. Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437.

15.     The Fifth Circuit in *Highland Capital* held, in a narrow interpretation, that independent directors appointed by the bankruptcy court —under a unique governance structure— to act together as a bankruptcy trustee for Highland Capital were entitled to exculpation.   *Id.* at 437. In the present case, the CRO is not an independent director, and the Debtors did not have the "unique governance structure" requiring the appointment of a bankruptcy trustee.

16.     With respect to whether an officer is entitled to qualified immunity under *Highland Capital*, the Fifth Circuit held that officers, such as the chief executive officer and the debtor's employees are not entitled to exculpation. To wit:

> As it stands, the Plan's exculpation provision extends to Highland Capital and **its employees and CEO**; Strand; the Reorganized Debtor and HCMLP GP LLC; the Independent Directors; the Committee and its members; the Claimant Trust, its trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its trustee; professionals retained by the Highland Capital and the Committee in this case; and all "Related Persons." Consistent with § 524(e), **we strike all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors.**

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 438 (emphasis added).

17.     Here, the Second Amended Plan provides broad exculpation coverage for the Debtors' officers, including the Chief Restructuring. However, under Fifth Circuit precedent, there is no statutory authority to exculpate these non-debtor parties. Additionally, these Chapter 11 cases

5

lack any evidence showing a unique corporate structure that would warrant exculpating a non-debtor party beyond that of the Debtors, the Committee, and its members. Thus, to be consistent with the Fifth Circuit's mandate in *Pacific Lumber* and *Highland Capital*, the CRO must be removed from the definition of "Exculpated Parties" in the Second Amended Plan.

18.     In addition to specific party limitations, the exculpation provisions must be temporally limited to the period from the Petition Date to the Effective Date. *In re Fraser's Boiler Serv., Inc.*, 593 B.R. 636, 640 (Bankr. W.D. Wash. 2018) ("Exculpation clauses generally only exculpate those actions taken in connection with a bankruptcy case between the petition date and the effective date of the plan"). Extending exculpation coverage outside of these parameters is impermissible and beyond this Court's jurisdiction and is contrary to *Pacific Lumber* and *Highland Capital*. "[O]ur precedent and § 524(e) require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct *within the scope of their duties* 11 U.S.C. § 1103(c), and the trustees *within the scope of their duties . . . .*" *In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437 (emphasis added). The Fifth Circuit specifically cited in its opinion parties that can only exist after the petition date and conduct that are within their prescribed "scope of their duties." The Debtors provided no legal basis as to the Court's authority to provide qualified immunity for conduct that occurred prior to the filing of these cases. The exculpation provisions should include a clear temporal limitation so that the scope of the coverage is consistent with the Bankruptcy Code and case law in this circuit. This revision could be accomplished by adding the phrase "from the Petition Date to the Effective Date" to Art. VI.C of the Second Amended Plan.

## CONCLUSION

19.     For the reasons discussed in this limited objection, the Court should deny confirmation of the Second Amended Plan absent the modifications detailed herein and grant such other and further relief as it may deem just and proper.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to deny confirmation, or alternatively, require the plan modifications detailed herein and grant such and further relief as it may deem just and proper.

Dated: March 4, 2024,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

/s/ Ha Nguyen
Ha Nguyen, Trial Attorney
CA Bar #305411 | FED ID NO. 3623593
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: Ha.Nguyen@usdoj.gov
Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 4th day of March 2024.

/s/ Ha Nguyen
Ha Nguyen

7