**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 24-90001 (MI) |
| Acclivity Ancillary Services LLC, *et al.,*[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DEBTOR ACCLIVITY WEST LLC'S MOTION FOR SUMMARY JUDGMENT ON ITS OBJECTIONS TO CLAIM NOS. 16 FILED BY KELLY WOO, 17 FILED BY ALEKSANDER DYO, 18 FILED BY PROFECTUS WEALTH MANAGEMENT CO., AND 20 FILED BY PROFECTUS FINANCIAL & INSURANCE SERVICES, INC.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The debtors and debtors in possession these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Acclivity West, LLC (7677) and Acclivity Ancillary Services LLC (0786).  The Debtors' mailing address is: 11200 Broadway Street, Suite 2705, Pearland, Texas 77584.

TABLE OF CONTENTS

JURISDICTION AND VENUE ............................................................................................... 1

SUMMARY OF MSJ ........................................................................................................... 1

SUMMARY JUDGMENT EVIDENCE ...................................................................................... 3

BACKGROUND FACTS AND PROCEDURAL HISTORY .......................................................... 4

    Sedlar-Sholty Lawsuit ................................................................................................ 7

    The Huh Lawsuit ....................................................................................................... 9

    The Unfiled Cross Complaint of the Indemnity Claimants ...................................... 10

    The Mohr Lawsuit .................................................................................................... 10

ARGUMENTAND AUTHORTIES ........................................................................................ 10

    A.  Legal Standard For Summary Judgment ............................................................ 10

    B.  Section 502(e)(1)(B) Mandates the Disallowance of the Claims. ...................... 13

        (a)  Section 502(e)(1)(B), Element One:  The Claims are for reimbursement or contribution. ............................................................................................................ 14

        (b)  Section 502(e)(1)(B), Element Two:  The claim is asserted by an entity that is co-liable with the debtor on any underlying claim. ..................................................... 14

        (c)  Section 502(e)(1)(B), Element Three:  The Claim are contingent at the time of allowance or disallowance. ......................................................................................... 17

    C.  Collateral Estoppel / Issue Preclusion Also Applies Independently to Preclude the Claims and Supports Summary Judgment. ......................................................................... 19

        (1)  The Issue Sought To Be Precluded From Re-Litigation Must Be Identical To That Decided In A Former Proceeding ............................................................................. 21

        (2)  The Issue Must Have Been Actually Litigated In The Former Proceeding ............ 21

        (3)  The Issue Must Have Been Necessarily Decided In The Former Proceeding ......... 22

        (4)  The Decision In The Former Proceeding Must Be Final and On the Merits .......... 22

        (5) The Party Against Whom Preclusion Is Sought Must Be The Same As, Or In Privity With, the Party To the Former Proceeding ................................................................ 22

PRAYER ........................................................................................................................... 26

TABLE OF AUTHORITIES

Page(s)

Cases

*Bates v. Jones*,
  1996 U.S. Dist LEXIS 20998 (N.D. Cal May 30, 1996)............................................................23
*Capitol Indus., Inc. v. Regal Cinemas, Inc.* (*In re Regal Cinemas, Inc.*),
  393 F.3d 647 (6th Cir. 2004) ....................................................................................................17
*Celotex Corp. v. Catrett*,
  477 U.S. 317 ................................................................................................................ 10, 11, 12
*Chemtura*,
  43 B.R. .......................................................................................................................................15
*Conopco, Inc. v. Roll Int'l*,
  231 F.3d 82 (2d Cir. 2000) .......................................................................................................20
*Conticommodity Services, Inc. v. Ragan,*
  *63* F.3d 438 (5th Cir. 1995) ....................................................................................................12
*Eastman Kodak Co., v. Image Tech Services*,
  504 U.S. 451 (1992) ..................................................................................................................12
Exhibit,
  8 p. 2 ..........................................................................................................................................22
*Fontenot v. UpJohn Co.*,
  780 F.2d 1190 (5th Cir. 1986) ..................................................................................................11
*Gonzales v. Wells Fargo Bank, N.A.*,
  733 Fed. Appx. 795 (5th Cir. 2018) ..........................................................................................12
*Hercules Offshore, Inc. v. Axon Pressure Prods.* (*In re Hercules Offshore, Inc.*),
  571 B.R. 633 (Bankr. D. Del. 2017)..........................................................................................15
*In re Amatex Corp.*,
  110 B.R. 168 (Bankr. E.D. Pa. 1990) ........................................................................................17
*In re Baldwin-United Corp.*,
  55 B.R. 885 (Bankr. S.D. Ohio 1985) ........................................................................................15
*In re Caribbean Petroleum Corp.*,
  2012 WL 1899322, 2012 Bankr. LEXIS 2322 at *9 (Bankr. D. Del. May 24, 2012)2, 13, 15, 17
*In re Caribbean Petroleum Corp,*
  566 Fed. Appx. 169 (3d Cir. 2014)....................................................................................... 17, 18
*In re Chemtura*,
  436 B.R. 286 (Bankr. S.D.N.Y. 2010) ......................................................................................15
*In re Falcon V, L.L.C.*,
  620 B.R. 256 (Bankr. M.D. La. 2020)........................................................................................14
*In re Ford*,
  967 F.2d 1047 (5th Cir. 1992) .............................................................................................. 17, 18
*In re Fuel Barons*,
  488 B.R. 783 (Bankr. N.D. Ga. 2013)................................................................................... 15, 16

*In re GCO, LLC*,
 32 B.R. 459 (Bankr. S.D.N.Y. 2005).................................................................................. 17

*In re Sorenson v. Drexel Burnham Lambert Group., Inc.* (*In re Drexel Burnham Lambert Group., Inc.*),
 146 B.R. 92 (S.D.N.Y. 1992) ..................................................................... 13, 15, 16

*In re Tri-Union Dev. Corp.*,
 314 B.R. 611 (Bankr. S.D. Tex. 2004) ..............................................................Passim

*In re Vectrix Bus. Solutions, Inc.*,
 2005 WL 3244199 ............................................................................................ 14

*In re Wedtech*,
 85 B.R. 285 (Bankr. S.D.N.Y. 1988)................................................................... 15

*Livingston v. Dollar Tree Store, Inc.*,
 2020 WL 3513726 (E.D. Tex 2020)..................................................................... 12

*Luna v. Davis*,
 59 F.4th 713 (5th Cir. 2023)................................................................. 11, 12

*Lynch v. Glass*,
 44 Cal.App.3d 943 (1st Dist. 1975)..................................................... 22, 24

*McFaulk v. Valuenza*,
 684 F.3d 564(5th Cir. 2012) ................................................................ 12

*People v. Curiel*,
 15 Cal. 5th 433 (Cal. Sup. Ct. 2023) ................................................ 21, 24

*People v. Strong*,
 13 Cal. 5th 698 (Cal. Sup. Ct. 2022) ................................................ 21, 24

*Peter v. NantKwest, Inc.*,
 140 S.Ct. 365 (2019)................................................................................. 25

*Pluet v. Frazier*,
 355 F.3d 381 (5th Cir. 2004) ................................................................... 11

*Reeves v. Sanderson Plumbing Prods., Inc.*,
 530 U.S. 133 (2000) ................................................................................ 11

*Schiro v. Farley*,
 510 U.S. 222 (1994) ............................................................................. 20

*Smith v. Harris County*,
 956 F.3d 311 (5th Cir. 2020) .................................................................. 11

*St. David's Health Care Sys. V. United States*,
 349 F.3d 232 (5th Cir. 2003) ................................................................ 11

*Stauffer*,
 741 F.3d 574(5th Cir 2014) ............................................................... 12

*Summit Valley Industries, Inc. v. Carpenters*,
 456 U.S. 717 (1982) ............................................................................. 25

*Thomas v. Housing Auth. of Los Angeles*, Case,
 No. CV 04-6970, 2005 U.S. Dist LEXIS 46427 (C.D. Cal. June 2, 2005) ......... 22, 24

*Tolan v. Cotton*,
 572 U.S. 650 (2014) ............................................................................ 11

*Valley View Health Care, Inc. v. Chapman*,
 992 F.Supp.2d 1016 (E.D. Cal. 2014) (applying California law and following *Lynch*) ..... 22, 24

*Willis v Cleco Corp.*,
  749 F.3d 314 (5th Cir. 2014) .......................................................................................... 12
*Wyatt v. Hunt Plywood Co.*,
  297 F.3d 405 (2002) ...................................................................................................... 11

Statutes

28 U.S.C. § 157(b)(2)(B) .................................................................................................. 1
28 U.S.C. § 1334 ............................................................................................................... 1
28 U.S.C. §§ 1408 and 1409 ............................................................................................ 1
Cal. Civ. Proc. Code § 437c(p)(2) ............................................................................... 9, 22
Section 502(e)(1)(B) of the Bankruptcy Code ........................................................... Passim

Rules

Federal Rule of Bankruptcy Procedure 7056 ..................................................................... 1
Federal Rule of Bankruptcy Procedure 9014(c) ............................................................... 1
FRCP 56(a) ..................................................................................................................... 10
Rule 56 of the Federal Rules of Civil procedure ................................................... 1, 10, 11

TO THE HONORABLE COURT:

Acclivity West, LLC ("AW")  and in its capacity as debtor-in-possession ("Debtor"), in the above-captioned jointly administered chapter 11 cases  files this Motion for Summary Judgment ("MSJ") on its Objections to Claim Nos. 16 filed by Kelly Woo ("Woo"), 17 filed by Aleksander Dyo ("Dyo"), 18 filed by Profectus Wealth Management Co. ("Profectus Wealth"), and 20 filed by Profectus Financial & Insurance Services, Inc. ("Profectus Financial" and together with Profectus Wealth, "Profectus", each an "Indemnity Claimant" and collectively with Woo, Dyo, and PWM, the "Indemnity Claimants")[2], and states as follows:

## I.
## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).  The Debtors confirm their consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## SUMMARY OF MSJ

2.      This MSJ is filed pursuant to Federal Rule of Bankruptcy Procedure 7056 adopting Rule 56 of the Federal Rules of Civil procedure ("FRCP"), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014(c). Summary judgment should be granted in favor of AW against the Indemnity Claimants, disallowing the claims filled by them against the Debtor in their proofs of claim (the "Claims") in their entirety on two independent grounds.

---

[2]      Woo, Dyo, and Profectus self-identified as "Indemnity Claimants".  See Exhibit 6, Emergency Motion.

3.      First, as a matter of law, pursuant to Section 502(e)(1)(B) of the Bankruptcy Code the Claims , filed by the Indemnity Claimants, should be disallowed in their entirety. *In re Alta Mesa Res.,* Case No: 19-35133, CHAPTER 11, 2022 Bankr. LEXIS 3649, 2022 WL 17984306 at *10-11 (Bankr. S.D. Tex. Dec. 28, 2022); *In re Tri-Union Dev. Corp.,* 314 B.R. 611 (Bankr. S.D. Tex. 2004); *In re Caribbean Petroleum Corp.*, Case No. 10-12553(KG), 2012 WL 1899322, 2012 Bankr. LEXIS 2322 at *9 (Bankr. D. Del. May 24, 2012), aff'd. 566 Fed. Appx. 169, 173-17 (3d Cir. 2014).   The three (3) elements for the disallowance of Claims under Section 502(e)(1)(B) are all satisfied in this case: (1) the Claims are for reimbursement or contribution, (2) the Debtor is co-liable with the Indemnity Claimants, and (3) the Claims are contingent.

4.      The Indemnity Claimants' made their position absolutely and unequivocally clear in the broadest way possible when they essentially conceded disallowance of the Claims under Section 502(e)(1)(B): "The Objecting Parties have incurred attorneys' fees and costs, and sustained additional damages, as a result of the Lawsuits.  The Objecting Parties allege that if they are found to be liable under any of the Lawsuits, such liability is solely the result of the negligence, acts, omissions, breach of contract, or other fault of Acclivity West, and that such conduct proximately caused any harm or damages found to have occurred.  As such, the Objecting Parties allege they are entitled to underline full and complete indemnification and contribution from Acclivity West." Exhibit 5, Objection to Confirmation ¶26 (emphasis added).  Section 502(e)(1)(B) disallowance should be ordered.

5.      Second, assuming arguendo that Section 502(e)(1)(B) somehow did not apply to disallow the Claims of the Indemnity Claimants, which it does, the Claims should be independently disallowed as a matter of law because they are barred by the doctrine of collateral estoppel / issue preclusion.  In this matter, for purposes of collateral estoppel, Indemnity Claimants are in privity

2

with the Acclivity plaintiff-Investors in the *Sedlar-Sholty* lawsuit, a lawsuit where AW adjudicated and won on summary judgment the lawsuit brought against AW by Acclivity plaintiff-Investors on **the same** issues and **claims now** asserted by the Acclivity Investors against the Indemnity Claimants. With all elements of collateral estoppel satisfied, and the entire legal predicate for AW liability to Indemnity Claimants eliminated, the Claims of the Indemnity Claimants should be entirely disallowed as a matter of law.

## III.
## SUMMARY JUDGMENT EVIDENCE

5.      For this MSJ, AW incorporates by reference the following summary judgment evidence attached hereto as Exhibits 1 through 16.

Exhibit 1: Proof of Claim No. 16 filed by Woo with Exhibits ("Claim No. 16").  Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 2: Proof of Claim No. 17 filed by Dyo with Exhibits ("Claim No. 17").  Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 3: Proof of Claim No. 18 filed by Profectus Wealth with Exhibits ("Claim No. 18"). Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 4: Proof of Claim No. 20 filed by Profectus Financial with Exhibits ("Claim No. 20").  Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 5:  Objection to Confirmation of Second Amended Joint Combined Chapter 11 Plan and Disclosure Statement [Docket No. 180] ("Objection to Confirmation"). Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 6:  Indemnity Claimants' Emergency Motion Pursuant to Rule 3018(a) to Temporarily Allow Claims for Voting Purposes [Docket No. 192] ("Indemnity Claimants' Emergency Motion").  Admissible as a statement/admission of a party opponent, and by judicial notice.

Exhibit 7:  March 11, 2024 Hearing Transcript.  Admissible as sworn prior testimony in this proceeding.

Exhibit 8:  Summary Judgment Order in Sedlar-Sholty Lawsuit.  Admissible by judicial notice.

3

Exhibit 9:   Ruling Sustaining Demurrer in Huh Lawsuit and Order Dismissing AW from same.  Admissible by judicial notice.

Exhibit 10:   Motion for Summary Judgment in Sedlar-Sholty Lawsuit.  Admissible by judicial notice.

Exhibit 11:  Dyo Declaration.  Admissible as statement of party opponent and sworn prior testimony in this proceeding.

Exhibit 12:  Dyo Deposition Transcript.  Admissible as statement of party opponent and sworn prior testimony in this proceeding.

Exhibit 13- Objections to Claim Nos. 16, 17, 18, and 20.  [Docket Nos. 154, 155, 156, 157].  Admissible by judicial notice.

Exhibit 14- Supplements to the Objections to Claim Nos. 16, 17, 18, and 20 to add the argument that the claims must be disallowed under Section 502(e)(1)(B).  [Docket Nos. 208, 209 ,210, 211].  Admissible by judicial notice.

Exhibit 15- Sedlar-Sholty Docket Sheet.  Admissible by judicial notice.

Exhibit 16 – Declaration of Lenard M. Parkins.

## IV.
## BACKGROUND FACTS AND PROCEDURAL HISTORY

6.      On January 5, 2024, AW and its affiliate, Acclivity Ancillary Services ("AAS", collectively with AW, the "Debtors") separately filed their Voluntary Petitions for Relief.  (Docket No. 1).  Subsequently, the Debtors' bankruptcy cases were administratively consolidated for joint administration.

7.      On February 16, 2024, Woo filed Proof of Claim No. 16 (Exhibit 1 hereto), asserting a general unsecured claim against the AW in the amount of $1,215,128.86 ("Claim No. 16").  The basis of Claim No. 16 is an alleged non- contractual equitable indemnification obligation for the Debtor to indemnify Woo for damages and attorney's fees incurred by Woo for her alleged wrongdoing in litigation brought against her by certain investors that purchased fractional life settlement interests from the Debtor.  There is no written indemnity agreement binding AW to

indemnify any of the Indemnity Claimants. Indemnity Claimants do not ever allege that any such written indemnity agreement exists.  Because Woo has not established that she is entitled to any indemnification from AW, and any such liability of AW would depend on the outcome of uncertain future events, Claim No. 16 is a contingent claim.

8.      On February 16, 2024, Dyo filed Proof of Claim No. 17 (Exhibit 2 hereto), asserting a general unsecured claim against AW in the amount of $1,215,234.35 ("Claim No. 17").  The basis of Claim No. 17 is an alleged non-contractual equitable indemnification obligation for AW to indemnify Dyo for damages and attorney's fees incurred by Dyo for his alleged wrongdoing in litigation brought against him by certain investors that purchased fractional life settlement interests from the Debtor.  Because Dyo has not established that he is entitled any indemnification from AW and any such liability of AW would depend on the outcome of uncertain future events, Claim No. 17 is a contingent claim.

9.      On February 16, 2024, Indemnity Claimant Profectus Wealth filed its Proof of Claim No. 18 (Exhibit 3 hereto), asserting a general unsecured claim against AW in the amount of $1,211,161.81 ("Claim No. 18"). The basis of Claim No. 18 is a non-contractual equitable indemnification obligation for AW to indemnify Profectus Wealth for damages and attorney's fees incurred by Profectus Wealth for alleged wrongdoing in litigation brought by certain investors that purchased fractional life settlement interests from the Debtor.  Because Profectus Wealth has not established that it is entitled any indemnification from AW and any such liability of AW would depend on the outcome of uncertain future events, Claim No. 18 is a contingent claim.

10.     On February 16, 2024, Indemnity Claimant Profectus Financial filed Proof of Claim No. 20 (Exhibit 4 hereto), asserting a general unsecured claim against AW in the amount of $2,841,938.09 ("Claim No. 20").  The basis of Claim No. 20 is an alleged non-contractual equitable

5

indemnification obligation for AW to indemnify Profectus Financial for damages and attorney's fees incurred by Profectus Financial for alleged wrongdoing in litigation brought by certain investors that purchased fractional life settlement interests from the Debtor.  Because Profectus Financial has not established that it is entitled any indemnification from AW and any such liability of AW would depend on the outcome of uncertain future events, Claim No. 20 is a contingent claim.

11.     The Claims of the Indemnity Claimants are claims for reimbursement and contribution.  Exhibit 1, 2, 3, 4.  The Claims are contingent indemnity claims, and require AW to be co-liable with the Indemnity Claimants.  Exhibit 6, Claimants' Emergency Motion ¶¶35-36; Exhibit 5, Objection to Confirmation ¶¶121-123.

12.     On February 26, 2024, AW filed objections to Claim Nos. 16, 17, 18, and 20. [Docket Nos. 154, 155, 156, 157].  On March 12, 2024, AW filed supplements to the objections to Claim Nos. 16, 17, 18, and 20 to add objections that the Claims must be disallowed in their entirety under Bankruptcy Code Section 502(e)(1)(B).  [Docket Nos. 208, 2009 ,210, 211].

13.     In the Supplements to the Objections to the Claims, AW set forth the legal proposition that the Claims must be disallowed in accordance with Section 502(e)(1)(B) of the Bankruptcy Code.  *See* Exhibit 13, Docket Nos. 208, 209 ,210, 211.  There are three (3) elements for the disallowance of a claim under Section 502(e)(1)(B):  (1) the claim is for reimbursement or contribution, (2) the debtor is co-liable with the claimant, and (3) the claim is contingent.

14.     The alleged right of the Indemnity Claimants to indemnity by and from AW is premised upon alleged wrongdoing by AW.  Exhibits 1, 2, 3, 4.

15.     The Claims are for equitable indemnification and contribution and are based on allegations that AW, is jointly or co-liable with the Indemnity Claimants to AW Investors for the same claims and issues. The Indemnity Claimants are seeking to apportion liability to AW and

6

seek AW's contribution on claims that the Indemnity Claimants' believe they will be jointly or co-liable on with AW.  Exhibits 1, 2, 3, 4.

**Sedlar-Sholty Lawsuit**

16.     In 2021, certain of the plaintiff purchasers of life settlement interests, also called "Investors" sued the Debtor in a lawsuit styled *Barushka Sedlar-Sholty, et al., vs. Acclivity West, LLC, et al.* in the Superior Court of California, County of Los Angeles as Cause No.: 21STCV28725 (the "Sedlar-Sholty Lawsuit").  See Exhibit 4 to Exhibit 1.

17.      The same issues and allegations of wrongdoing by AW made by the Indemnity Claimants against AW in Proofs of Claim Nos. 16, 17, 18, and 20 have already been fully adjudicated in favor of AW and dismissed on Summary Judgment in favor of AW in the Sedlar-Sholty Lawsuit.  Exhibit 8.

18.     In the Sedlar-Sholty Lawsuit, the plaintiffs alleged certain causes of action against AW including negligence, breach of fiduciary duty and intentional and negligent misrepresentation in connection with the sale of fractionalized life settlement interests to the plaintiffs – the same issues and claims of wrongdoing the Indemnity Claimants now  allege against AW in their proofs of claims.  Exhibit 8.

19.     The Sedlar-Sholty court has already examined and fully and finally adjudicated such claims made against AW by Investors and has summarily dismissed them.  Exhibit 8.

20.     The Indemnity Claimants themselves were not parties to the Sedlar-Sholty lawsuit, but they funded their clients' suit against AW and controlled the Sedlar-Sholty lawsuit.  The attorney fees sought by Indemnity Claimants from the Sedlar-Sholty lawsuit were funded by Indemnity Claimant Profectus Financial, a company owned by Woo and Dyo.  *See* Claim No. 20 ($102,556.54 in legal costs paid in the Sedlar-Sholty Lawsuit); *see* also Exhibit 12, Dyo Depo.

7

67:8-68:8 Profectus Financial paid the attorney fees to fund plaintiff investors' lawsuit to pursue Acclivity in Sedlar-Sholty. and funded attorney's fees for Dyo's clients to sue Acclivity. Incredibly, the Indemnity Claimants admitted funding the attorney fees for the losing lawsuit of/by investors against AW and now the Indemnity Claimants seek reimbursement of such fees from AW on the basis of equitable indemnity.

21.     In connection with the Sedlar-Sholty Lawsuit, not only did the Debtor deny that it had any liability to the plaintiffs, indeed the Debtor successfully adjudicated and disposed of all of the plaintiffs' causes of action against it, including those for negligence, breach of fiduciary duty and intentional and negligent misrepresentation by winning its motion for summary judgment. Exhibit 8.

22.     The Summary Judgment was a final adjudication of those causes of action and no appeal was filed by any of the losing investor plaintiffs.  Exhibits 8, 15.

23.     Further, the Indemnity Claimants have admitted, in this Court, that the Debtors are not liable for wrongdoing on the identical liability issues now alleged against the Indemnity Claimants  by AW investors.  *See* Exhibit 7, March 11, 2024 Hearing Transcript 6:11-19.

24.     At issue in the Sedlar-Sholty Lawsuit was whether AW made any actionable misrepresentations to the investor-plaintiffs, breached any duty owed to the investor-plaintiffs, or caused the investor-plaintiffs any damages.  Exhibit 4 to Exhibit 1.  The California Superior Court adjudicated these issues and summarily dismissed them in AW's favor.  Exhibit 8.

25.     The court in the Sedlar-Sholty Lawsuit "considered the moving, opposition, and reply papers, as well as all evidence submitted in support and opposition thereto, as well as argument of counsel."  Exhibit 8.

26.     In order to issue the summary judgment in the Sedlar-Sholty Lawsuit, the issue of AW's alleged wrongdoing was necessarily decided.  Exhibit 8; Exhibit 4 to Exhibit 1.  *See* Cal. Civ. Proc. Code § 437c(p)(2) (summary judgment issues to defendant only when that defendant "has met his or her burden of showing that a cause of action has no merit").

27.     The MSJ Order in the Sedlar-Sholty Lawsuit in favor of AW is final.  Exhibits 8, 17.

**The Huh Lawsuit**

2 8 .     In 2023, an AW investor sued AW and the Indemnity Claimants in a lawsuit styled as *John Huh vs. Acclivity West, LLC, et al*. in the Superior Court of California, County of Los Angeles as Cause No.: 21STCV01566 (the "Huh Lawsuit").  Exhibit 1 to Exhibit 1.

29.     In the Huh Lawsuit, the plaintiffs assert claims against AW and the Indemnity Claimants for breach of contract, breach of fiduciary duty, negligence, and negligent and intentional misrepresentation. Exhibit 1 to Exhibit 1.

30.     AW has been dismissed as a defendant from the Huh Lawsuit.  Exhibit 9. AW filed a demurrer seeking to dismiss the claims against AW on the basis that there was another action, the Sedlar-Sholty Lawsuit, pending between the same parties on the same causes of action.  On June 30, 2023, the Superior Court ruled on the demurrer in favor of AW finding that: "It is clear from the allegations that the causes of action that Plaintiff asserts against [AW] in the two actions are the same."  Exhibit 9 at p. 3.  The result of this ruling was that John Huh had to seek his remedies against AW, if any, in the Sedlar-Sholty lawsuit.

31.     Huh thereafter became one of the losing plaintiffs in the Sedlar-Sholty lawsuit when summary judgment was granted in AW's favor in September 2023.  *See* Exhibit 4 to Exhibit 1.

32.     The Debtor has removed the Huh Lawsuit to the U.S. Bankruptcy Court for the Central District of California and a motion to transfer the lawsuit to this Court is pending.

**The Unfiled Cross Complaint of the Indemnity Claimants**

33.     In addition, Woo, Dyo, and Profectus Financial drafted, but did <u>not</u> file, a cross complaint against AW in the Huh lawsuit (the "<u>Draft Cross Complaint</u>").  *See* Exhibit 2 to Exhibit 1; Exhibit 2 to Exhibit 2; Exhibit 2 to Exhibit 4.  In the Draft Cross Complaint attached to their proofs of claim, Woo, Dyo, and Profectus Financial set out their basis for the clams against AW in this bankruptcy case: Implied Equitable Indemnity and Contribution against AW.

**The Mohr Lawsuit**

34.     An additional lawsuit, Ben Mohr, Kelly Woo, Aleksander Dyo and Howard Lee v. Acclivity West, LLC (the "<u>Mohr Action</u>") was filed by Indemnity Claimants Woo and Dyo, and others against AW.  See Exhibit 3 to Exhibit 1.  The Mohr Action has not been litigated to judgment and is subject to pending litigation.  *See* Proof of Claim 16.  The Mohr lawsuit has been removed to the U.S. Bankruptcy Court for the Central District of California and a motion to transfer the lawsuit to this Court is pending.

**V.**
**ARGUMENTAND AUTHORTIES**

**A.  Legal Standard For Summary Judgment**

35.     The standard for granting a summary judgment is set out in FRCP 56(a).  The landmark decision of the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, addressed the standards for granting Summary Judgment under Fed. R. Civ. P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U. S. 317, 321-24

(1986); *see also Pluet v. Frazier*, 355 F.3d 381, 383 (5th Cir. 2004).  The Caselaw in the Fifth Circuit follows *Celotex* and has further elaborated on a movants entitlement to summary judgment under Rule 56.  Summary judgment is proper if the moving party demonstrates the absence of a genuine issue of material of fact which makes movant entitled to summary judgment as a matter of law.  *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023).

36.     The Indemnity Claimants cannot dispute the material facts and evidence that support this MSJ.  Indeed, the facts and evidence used against them, for the most part, comes directly from the Indemnity Claimants' filed sworn proofs of claim, their admissions, their pleadings, documents, and the sworn deposition of Mr. Dyo in this case.  This MSJ can, and should, be decided purely on questions of law.  The principal function of a summary judgment motion is to show, that in the absence of a real factual dispute on a material fact, that judgment should be entered for a movant as a matter of law. *Fontenot v. UpJohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

37.     If the movant produces summary judgment evidence to show there is no genuine issue of material fact, the non-movant must either win on the law, or if material facts are in dispute (which they are not here), identify summary judgment evidence to rebut the movant and show that the summary judgment evidence establishes a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett,,* 477 U. S. at 321-24; *Smith v. Harris County*, 956 F.3d 311, 319 n.3 (5th Cir. 2020).  The evidence of the nonmovant is to be believed with all justifiable and reasonable inferences drawn in favor of the nonmovant. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *St. David's Health Care Sys. V. United States*, 349 F.3d 232, 234 (5th Cir. 2003); *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (2002).

11

38.     As a matter of law, a non-movant must articulate the precise manner in which that specific summary judgment evidence supports its claim. *Conticommodity Services, Inc. v. Ragan*, *63* F.3d 438, 441 (5th Cir. 1995); *Willis v Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *Gonzales v. Wells Fargo Bank, N.A.*, 733 Fed. Appx. 795, 797 (5th Cir. 2018). An unsubstantiated claim is not sufficient to withstand a motion for summary judgment. *Celotex Corp.,* 477 U. S. at 321-24.

39.     The Court's obligation to draw reasonable inferences does not extend so far as to allow a wholly unreasonable inference or one which amounts to mere speculation or conjecture. *Livingston v. Dollar Tree Store, Inc.*, Slip opinion 2020 WL 3513726 (E.D. Tex 2020) (citing *Mack v. Newton*, 737 F. 2d 13423, 1351 (5th Cir. 1984)). Summary judgment may not be thwarted by conclusory allegations or unsupported assertions. *Id.*  A claimant must do more than rely on subjective beliefs to defeat a summary judgment motion. *Eastman Kodak Co., v. Image Tech Services,* 504 U.S. 451, 469 n.14 (1992); *McFaulk v. Valuenza*, 684 F.3d 564, 571(5th Cir. 2012); *Stauffer v, Gearhart*, 741 F.3d 574, 581(5th Cir 2014).  While the evidence is viewed, and all inferences are drawn in a light most favorable to the nonmovant, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th at 715.

40.     In this contested matter no genuine issue of material fact exists to bar Debtor's requested summary judgment disallowing the Claims of the indemnity Claimants.

41.     There exist two independent grounds for summary judgment in favor of AW:  First, as a matter of law the Claims must be disallowed in their entirety pursuant to Section 502(e)(1)(B) of the Bankruptcy Code. Second, as a matter of law the Claims must be disallowed in their entirety because they are barred by collateral estoppel / issue preclusion.  Movants' summary judgment

12

motion is sound and should be granted on both independent grounds. The MSJ is supported by competent summary judgment evidence and the law.

### B. Section 502(e)(1)(B) Mandates the Disallowance of the Claims.

42.     Section 502(e)(1)(B) of the Bankruptcy Code mandates the disallowance of any contingent claim for which the debtor is co-liable with a claimant.

43.     Section 502(e)(1)(B) of the Bankruptcy provides in relevant part:

> . . . the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that . . . such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . .

11 U.S.C. § 502(e)(1)(B).

44.     Pursuant to section 502(e)(1)(B) of the Bankruptcy Code the Claims of the Indemnity Claimants must be entirely disallowed. *In re Alta Mesa Res.,* 2022 WL 17984306 at *10-11 (Bankr. S.D. Tex. 2022); *In re Tri-Union Dev. Corp.,* 314 B.R. 611 (Bankr. S.D. Tex. 2004); *In re Caribbean Petroleum Corp.,* 2012 WL 1899322, 2012 Bankr. LEXIS 2322.

45.     There are three (3) elements required by law for the disallowance of claims under Section 502(e)(1)(B): (1) the claim is for reimbursement or contribution, (2) the debtor is co-liable with the claimant, and (3) the claim is contingent. *See In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004); *In re Alta Mesa Res.*, Case No. 19-35133 2022 WL 17984306, 2022 Bankr. LEXIS 3649 at *10-11 (Bankr. S.D. Tex. Dec. 28, 2022). see also *In re Sorenson v. Drexel Burnham Lambert Group., Inc.* (*In re Drexel Burnham Lambert Group., Inc.*), 146 B.R. 92, 95-96 (S.D.N.Y. 1992).

13

     **(a)**    **Section 502(e)(1)(B), Element One:  The Claims are for reimbursement or contribution.**

46.     A claim for indemnity is a claim for reimbursement or contribution. *In re Alta Mesa Res.*, 2022 Bankr. LEXIS 3649, 2022 WL 17984306 at *10-11 (Bankr. S.D. Tex. 2022).  "Courts have consistently held that 'the concept of reimbursement includes indemnity." *In re Falcon V, L.L.C.*, 620 B.R. 256, 269–70 (Bankr. M.D. La. 2020) (finding that surety that issued bonds was not entitled to a claim pursuant to Section 502(e)(1)(B) since it was a contingent claim).

47.     Here, there is no doubt that the Claims are for reimbursement or contribution, it's the *per se* stated basis for the Claims. Indemnity Claimants cannot escape this finding. Exhibits 1, 2, 3, 4; Exhibit 5, Objection to Confirmation ¶26.  Further, in their Draft Cross Complaint, Claimants base their claims on allegations of equitable indemnity—an indemnity principle based on reimbursement and contribution where there is co-liability. *See* Exhibit 6, Claimants' Emergency Motion ¶¶35-36; Exhibit 5, Objection to Confirmation ¶¶121-123; Exhibit 2 to Exhibit 1 (Draft Cross Complaint in Woo Claim); Exhibit 2 to Exhibit 2 (Draft Cross Complaint in Dyo Claim); Exhibit 2 to Exhibit 3 (Draft Cross Complaint in Profectus Wealth Claim); Exhibit 2 to Exhibit 4 (Draft Cross Complaint in Profectus Financial Claim). *In re Vectrix Bus. Solutions, Inc.*, 2005 Bankr. LEXIS 1712, 2005 WL 3244199, at *3; *In re Alta Mesa Res.,* 2022 Bankr. LEXIS 3649, 2022 WL 17984306 at *10-11.

47.     Therefore, element one for the disallowance of the Claims under Section 502(e)(1)(B)  is satisfied.

     **(b)**    **Section 502(e)(1)(B), Element Two:  The claim is asserted by an entity that is co-liable with the debtor on any underlying claim.**

48.     To satisfy element two, to warrant disallowance, the Claims must be  asserted by an entity that is co-liable with the debtor on an underlying claim.  Co-liability is a broad concept

14

that <u>includes all situations</u> where indemnitors <u>could</u> be liable with the debtor. *Hercules Offshore, Inc. v. Axon Pressure Prods. (In re Hercules Offshore, Inc.)*, 571 B.R. 633, 639 (Bankr. D. Del. 2017); *In re Chemtura Com.*, 436 B.R. 286, 295-96 (Bankr. S.D.N.Y. 2010); *In re Caribbean Petroleum Corp.*, Case No. 10-12553(KG), 2012 WL 1899322, 2012 Bankr. LEXIS 2322 at *9; *In re Baldwin-United Corp.*, 55 B.R. 885, 890 (Bankr. S.D. Ohio 1985) (The phrase "an entity that is liable with the debtor" is broad enough to encompass any type of liability shared with the debtor, whatever its basis.). Co-liability includes defense costs related to the underlying lawsuit. *In re Drexel Burnham Lambert Group, Inc. (Drexel II)*, 146 B.R. 92, 97 (S.D.N.Y. 1992); *In re Fuel Barons*, 488 B.R. 783 (Bankr. N.D. Ga. 2013). For purposes of section 502(e)(1)(B), co-liability encompasses all possibilities for shared liability, whether judicially, contractually, or statutorily created. *In re Caribbean Petroleum Corp.*, 2012 WL 1899322, 2012 Bankr. LEXIS 2322 at *10; *Chemtura*, 43 B.R. at 295; *In re Wedtech*, 85 B.R. 285, 289-90 (Bankr. S.D.N.Y. 1988) (Interpreting co-liability under Section 502(e)(1)(B) broadly). "There must exist . . . a shared liability to the same party on the same claim." *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004).

49. In this matter, Indemnity Claimants' Claims rest upon allegations that AW and Indemnity Claimants are co-liable to AW Investors and AW is liable to the Indemnity Claimants under a theory of non-contractual equitable indemnification. Exhibit 6, Claimants' Emergency Motion ¶35. As the Indemnity Claimants put it: "[e]quitable indemnity is premised on a joint legal obligation [the same thing as co-liable] to another for damages and is subject to allocation of fault principles and comparative equitable apportionment of loss." Exhibit 6, Claimants' Emergency Motion ¶35. The very purpose of the equitable indemnity doctrine is to apportion losses among tortfeasors in proportion to their relative culpability to the same parties. Exhibit 5,

15

Objection to Confirmation ¶122.  While there is a written indemnity by Indemnity Claimants in favor of AW, there is no written indemnity agreement that could result in an obligation of AW to indemnify the Indemnity Claimants.  *See* Exhibit 6, Claimants' Emergency Motion ¶¶35-36. Hence, we are left with the broad all-encompassing equitable indemnity claims asserted by the Indemnity Claimants.

50.      All of The Indemnity Claimants' claims related to the Huh Lawsuit--their damage claims, their attorney fees claims, their claims for lost revenue or profits--are all derivative of the Indemnity Claimants' position that AW engaged in wrongdoing and is co-liable with them under a theory of equitable indemnity.   Exhibits 1, 2, 3, 4; Exhibit 5, Objection to Confirmation ¶¶122, 123.  As such, the Claims must be disallowed under Section 502(e)(1)(B).See *In re Drexel Burnham Lambert Group, Inc. (Drexel II)*, 146 B.R. 92, 97 (S.D.N.Y. 1992) ("Appellant's claim for defense costs arises out of the underlying lawsuit against the claimant, and the debtor's liability for these defense costs is contingent on findings of good faith that must be made in the underlying lawsuit.").  The interdependence of the Indemnity Claimants' Claims and the underlying lawsuits places all of the Claims under the broad umbrella of Section 502(e)(1)(B).  *Id*; *see also In re Fuel Barons*, 488 B.R. 783 (Bankr. N.D. Ga. 2013).

51.      Further and critically, Indemnity Claimants concede that AW's liability to the Indemnity Claimants has not yet been determined.  The Indemnity Claimants argue that they "hold equitable indemnity claims against Acclivity West stemming from any liability or defense costs incurred in the Lawsuits", and "[w]hile these issues will certainly be subject to determination in connection with the Lawsuits, which will then determine the Debtors' liability to the Objecting Parties reflected in Claim Nos. 16 and 17."  Exhibit 5, Objection to Confirmation ¶123.  There is no question that, with respect to the Claims, the second element for disallowance under Section

16

502(e)(1)(B)  is met.  *See also In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) (concluding that Congress clearly meant to include all situations wherein indemnitors or contributors could be liable with the debtor within the scope of Section 502(e)(1)(B).).

      **(c)**      **Section 502(e)(1)(B), Element Three:  The Claim are contingent at the time of allowance or disallowance.**

52.      As the Indemnity Claimants admit, there is no written agreement obligating AW to indemnify the Indemnity Claimants.  *See* Exhibit 6, Claimants' Emergency Motion ¶¶35-36. Notwithstanding that fact, the Claims are based on indemnification, via a theory of "equitable indemnification" to be precise.  Exhibits 1, 2, 3, 4.  Indemnification claims are disallowed under section 502(e)(1)(B) because they are functionally the same as claims for reimbursement or contribution.  *In re Caribbean Petroleum Corp.*, 2012 WL 1899322, 2012 Bankr. LEXIS 2322 at *8-9; *In re GCO, LLC*, 32 B.R. 459, 465 (Bankr. S.D.N.Y. 2005); *Capitol Indus., Inc. v. Regal Cinemas, Inc.* (*In re Regal Cinemas, Inc.*), 393 F.3d 647, 650 (6th Cir. 2004) (Analytically, indemnity is the same as reimbursement.).

53.      A claim for indemnification is considered contingent unless the claimant has actually paid the third party.  *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 617 (Bankr. S.D. Tex. 2004); *In re Alta Mesa Res.,* 2022 Bankr. LEXIS 3649, 2022 WL 17984306 at *10-11.; *In re Caribbean Petroleum Corp.*, 2012 WL 1899322, 2012 Bankr. LEXIS 2322; *In re Caribbean Petroleum Corp*, 566 Fed. Appx. 169, 173-17 (3d Cir. 2014); *see also In re Ford*, 967 F.2d 1047 (5th Cir. 1992) (claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.).

54.     This holds true for all portions of the Claims, including those pertaining to potential future indemnity and to attorney fees, that have been paid.  Any right of the Indemnity Claimants to attorney fees is contingent upon them prevailing at trial and potential judgment(s) being entered in their favor sometime in the future.  As a matter of law, where no judgments have yet been entered against claimants, and claimants have not settled with or paid plaintiffs for losses or damages suffered, the claims are contingent, *In re Ford*, 967 F.2d 1047 (5th Cir. 1992), must be disallowed pursuant to Section 502(e)(1)(B) and are included in the summary judgment against the Indemnity Claimants.  *In re Caribbean Petroleum Corp.*, WL 1899322, 2012 Bankr. LEXIS 2322 at *8.

55.     In this case, at this time, all portions of the Claims, including without limitation claimed amounts under equitable indemnity and for attorney fees lost revenues or other damages, clearly are contingent because no judgment against AW for equitable indemnity yet exists.  No judgment has been entered on the underlying lawsuits against AW, and no payment on a judgment(s) by the Indemnity Claimants to plaintiffs has been made.  In fact, no claim for equitable indemnity has even yet been filed, let alone litigated.  *See* Exhibits 1, 2, 3, 4.  Indemnity Claimants seek recovery against AW under equitable indemnification in the event they are found liable in the future.  *See* Exhibits 1, 2, 3, 4.  Thus, the Claims are without question contingent, and this third element of disallowance of the Claims under Section 502(e)(1) (b) is satisfied.

56.     Indeed, this Court has addressed these issues in other cases, granted summary judgment, and ruled that claims like those asserted by Indemnity Claimants must be disallowed under Section 502(e)(1) (B).  *In re Tri-Union Dev. Corp.*, 314 B.R. at 617; *In re Alta Mesa Res., 2022 Bankr. LEXIS 3649, 2022 WL 17984306 at *10-11; see also In re Caribbean Petroleum Corp.*, 566 Fed. Appx. At 173-174.  Summary Judgment on this ground—Section 502(e)(1) (B)— should be granted in favor of AW, and the Claims disallowed in their entirety.

**C. Collateral Estoppel / Issue Preclusion Also Applies Independently to Preclude the Claims and Supports Summary Judgment.**

57. As the second and independent ground for summary judgment against the Indemnity Claimants, collateral estoppel (also known as issue preclusion) precludes allowance of the Claims. The express predicate for the alleged equitable indemnity liability of AW is that it will be found co-liable with the Indemnity Claimants for the same identical issues and claims for wrongdoing alleged against the Indemnity Claimants by AW investors. However, as admitted in open court by Indemnity Claimants, AW has been found to be **not liable** on those identical claims and issues. Exhibit 7, March 11, 2024 Hearing Transcript page 6, lines 11 through 19. In fact, the underlying liability of AW has been judicially determined to be $0 by final order and, thus by issue preclusion, it cannot be raised again by Indemnity Claimants, eliminating the predicate for the contribution/equitable indemnity claims against AW. Exhibit 8. This includes any claims still extant in the Huh litigation, as Huh's claims against AW were extinguished as to that suit by the demurrer and then by the Sedlar-Sholty summary judgment.

58. Indemnity Claimants argue that, under the principles of equitable indemnity found in California law, they would allegedly be allowed to seek indemnity from AW for judgment(s) against them. Exhibit 6, Claimants' Emergency Motion ¶¶35-37. But, as the Indemnity Claimants stated, "[e]ach of the Lawsuits … are premised upon the [alleged] acts, omissions, breach of contract, or other fault of Acclivity West, which such conduct proximately caused any harm or damages found to have occurred", and "[t]herefore, Acclivity West is obligated to indemnity the Indemnity Claimants for its proportion of its culpability." Exhibit 6, Claimants' Emergency Motion ¶¶35-37. Thus, any right of the Indemnity Claimants to indemnity by AW is premised upon alleged finding of wrongdoing to investors by AW. *See id*. Such arguments are non-starters.

19

59.     In 2021, certain of the clients that purchased life settlement interests from AW, (the "Investors"), sued the Debtor in a lawsuit styled *Barushka Sedlar-Sholty, et al., vs. Acclivity West, LLC, et al.* in the Superior Court of California, County of Los Angeles as Cause No.: 21STCV28725 ("Sedlar-Sholty Lawsuit").  See Exhibit 4 to Exhibit 1.  In the Sedlar-Sholty Lawsuit, the plaintiffs alleged certain causes of action against AW including negligence, breach of fiduciary duty and intentional and negligent misrepresentation in connection with the sale of fractionalized life settlement interests to the plaintiffs – the same alleged wrongdoing the Indemnity Claimants allege that the Debtor will be co-liable with them for.  Exhibit 4 to Exhibit 1.  However, the Sedlar-Sholty court entered summary judgment in favor of AW, dismissing all such claims against AW in a final judgment.  Exhibit 8.  These include any claims of John Huh related to AW, as Huh was a plaintiff in Sedlar-Sholty.

60.     Because of the final adjudication of no wrongdoing by AW in the Sedlar-Sholty Lawsuit, the Indemnity Claimants are now precluded from raising the same issues that have already been adjudicated in favor of AW.  Collateral estoppel, also known as issue preclusion, means that when an issue has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties (or those in privity with them) in any future lawsuit. *Schiro v. Farley*, 510 U.S. 222, 232 (1994).  With regard to the choice of law, to determine the effect of a state court judgment, federal courts…are required to apply the preclusion law of the judgment rendering state (in this instance, California). *Migra v. Warren City School District Board of Education*, 65 U.S.75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (198); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000).

61.     Under California law, collateral estoppel/issue preclusion bars re-litigation of issues earlier decided when all of the following tests are met:  (1) the issue sought to be precluded

20

from re-litigation must be identical to that decided in a former proceeding, (2) this issue must have been actually litigated in the former proceeding, (3) the issue must have been necessarily decided in the former proceeding, (4) the decision in the former proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *People v. Strong*, 13 Cal. 5th 698 (Cal. Sup. Ct. 2022); *People v. Curiel*, 15 Cal. 5th 433 (Cal. Sup. Ct. 2023).

62.     As an initial matter, there is no question that the first four (4) enumerated tests for collateral estoppel above are met.

**(1)   The Issue Sought To Be Precluded From Re-Litigation Must Be Identical To That Decided In A Former Proceeding**

63.     First, the issue the Indemnity Claimants advance is that they will be co-liable with AW for alleged wrongdoing in connection with the investors.  These alleged wrongdoings involve the exact same issues and claims advanced against AW in the Sedlar-Sholty lawsuit.  The California Superior Court addressed these issues and summarily adjudicated them in favor of AW. Exhibit 8.

**(2)   The Issue Must Have Been Actually Litigated In The Former Proceeding**

64.     Second, the issue of AW's alleged wrongdoing was actually litigated through final judgment in the Sedlar-Sholty Lawsuit.  It formed the bases of the plaintiff-investors' claims and AW's successful Summary Judgment.  Sedlar-Sholty MSJ and MSJ Order, Exhibit 8.  In granting AW's summary judgment motion, the court "considered the moving, opposition, and reply papers, as well as all evidence submitted in support and opposition thereto, as well as argument of counsel."  Exhibit 8 at p. 2.

**(3)     The Issue Must Have Been Necessarily Decided In The Former Proceeding**

65.     Third, in order to issue the summary judgment in the Sedlar-Sholty lawsuit in favor of AW, the issue of AW's alleged wrongdoing must have been necessarily decided.  It was front and center and formed the bases of the lawsuit and AW's summary judgment motion.  Exhibit 10.

**(4)     The Decision In The Former Proceeding Must Be Final and On the Merits**

66.     Fourth. the MSJ Order in the Sedlar-Sholty lawsuit was final and not appealed, and reflects an adjudication on the merits.   Exhibits 8, 15. The court "considered the moving, opposition, and reply papers, as well as all evidence submitted in support and opposition thereto, as well as argument of counsel."  Exhibit 8 p. 2.  Under California law, summary judgment can issue to a defendant only when that defendant "has met his or her burden of showing that a cause of action has no merit."  Cal. Civ. Proc. Code § 437c(p)(2).

**(5)     The Party Against Whom Preclusion Is Sought Must Be The Same As, Or In Privity With, the Party To the Former Proceeding**

67.     The fifth prong (privity) is the crux of the collateral estoppel issue in this instance. Collateral estoppel has been applied against nonparties who had a proprietary or financial interest in and control over a prior action.   *Lynch v. Glass*, 44 Cal.App.3d 943 (1st Dist. 1975); *Valley View Health Care, Inc. v. Chapman*, 992 F.Supp.2d 1016 (E.D. Cal. 2014) (applying California law and following *Lynch*).  Under California law, a nonparty should reasonably be expected to be bound if he had, in reality, contested the prior action, even if he did not make a formal appearance. *Id*.  The key issue is whether the non-party to the prior litigation controlled such prior litigation. As a matter of California law, if a non-party to the prior litigation financed the prior litigation (paid the attorney fees), this amounts to control of the prior litigation and privity exists.  *Thomas v. Housing Auth. of Los Angeles*, Case No. CV 04-6970, 2005 U.S. Dist LEXIS 46427 (C.D. Cal.

June 2, 2005) (applying California law to find privity where non-party to prior litigation funded the attorneys for the prior litigation).

68.     In our case, the Indemnity Claimants paid over $102,556.54 in attorney fees for the Indemnity Claimants to pursue litigation against AW.  See Exhibit 4 at p. 6.  In contrast, a mere miniscule contribution (0.2%) to the attorney fees in the prior litigation would not result in privity, because making such a miniscule contribution would not amount to controlling the prior litigation. *Bates v. Jones*, 1996 U.S. Dist LEXIS 20998 (N.D. Cal May 30, 1996) (applying California law, to privity in Res Judicata context).  In sum, if a non-party to the prior litigation funds the prior litigation to a significant degree, such non-negligible funding is sufficient to establish the non-party's control over the prior litigation, and privity exists.  *See Thomas*, 2005 U.S. Dist LEXIS 46427; *Bates*, 1996 U.S. Dist. LEXIS 20998.  Here, privity exists, binding the Indemnity Claimants.

69.     Aleksander Dyo is a principal and co-founder of Profectus Financial with Kelly Woo.  *See* Exhibit 11, Dyo Declaration ¶1.  In his deposition, Dyo admitted that he paid the plaintiffs' attorney fees in Sedlar-Sholty, and thus the Indemnity Claimants funded their clients' attorney fees to sue AW through their entity Profectus Financial.  Exhibit 12 ("Dyo Depo."), page 67 line 8 through page 68 line 8; see also Exhibit 4.  As set forth in the Profectus Financial Proof of Claim, Profectus claims legal costs paid on behalf of clients related to the Sedlar-Sholty Action in the amount of $102,556.54 (plus future legal costs, amount unknown/ongoing).  See Exhibit 4 at p. 6.  Thus, Indemnity Claimants cannot escape the result that through their owned and controlled entity, Profectus Financial, they funded plaintiffs to sue AW in the Sedlar-Sholty Lawsuit.  Indemnity Claimants also claim legal costs in the Huh Lawsuit of $40,007.55.  See Exhibit 4.  None of these claimed alleged attorney fees result from a final judgment against AW.

23

70.     Under California law, with significant funding of litigation comes control over the litigation, and with control comes privity for issue preclusion purposes. *Thomas v. Housing Auth. of Los Angeles*, Case No. CV 04-6970, 2005 U.S. Dist LEXIS 46427 (C.D. Cal. June 2, 2005) (applying California law to find privity where non-party to prior litigation funded the attorneys for the prior litigation); *Lynch v. Glass*, 44 Cal.App.3d 943 (1st Dist. 1975); *Valley View Health Care, Inc. v. Chapman*, 992 F.Supp.2d 1016 (E.D. Cal. 2014) (applying California law and following *Lynch*).   In this case, the Indemnity Claimants funded investors to sue AW in the Sedlar-Sholty Lawsuit for a total of $102,556.54 until they lost the case against AW on summary judgment and are thus in privity with the Sedlar-Sholty plaintiffs.   Exhibit 4.

71.     With all prongs of collateral estoppel/issue preclusion under California law established, as a matter of law, the Indemnity Claimants are barred from prevailing on any argument they seek to advance that rests on a required finding of AW wrongdoing.   The Claimants cannot get to first base relying on alleged Debtor wrongdoing.   Those issues have already been decided in favor of AW in the Sedlar-Sholty Lawsuit, and they are binding on the Indemnity Claimants and their affiliates. *People v. Strong*, 13 Cal. 5th 698 (Cal. Sup. Ct. 2022); *People v. Curiel*, 15 Cal. 5th 433 (Cal. Sup. Ct. 2023).   Therefore, on this second independent ground for summary judgment, the Claims must be disallowed, and summary judgment granted in favor of AW against the Indemnity Claimants on the ground of issue preclusion.

72.     One other aberrant claim by Indemnity Claimants must be addressed and summarily rejected and denied by this Court.   Indemnity Claimants make the absurd claim that AW should pay them $102,556.54 for reimbursement of the attorney fees voluntarily funded by Indemnity Claimants to plaintiffs in the Sedlar-Sholty Lawsuit for plaintiffs to sue and lose to AW. The losing party in litigation does not leave the court room with its attorney fees paid by the

24

winning party.  The plaintiffs, funded by the Indemnity Claimants lost and do not get their attorney fees back from AW, the winner.  Neither do the Indemnity Claimants—who stand in privity with the plaintiffs.  The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule':  Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  *Peter v. NantKwest, Inc.*, 140 S.Ct. 365, 370 (2019); *see also Summit Valley Industries, Inc. v. Carpenters*, 456 U.S. 717, 721 (1982) (observing that the American Rule "has been consistently followed for almost 200 years").  The Indemnity Claimants want to overturn this long-standing bedrock principle of American law, <u>and to do so in a case against AW where they lost</u>.  The absurd claim for reimbursement of the $102,556.54, should be denied and disallowed as a matter of law.

[Remainder of Page Intentionally Left Blank]

25

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, AW requests that the Court grant this Motion for Summary Judgment and: (1)  disallow the Claims in their entirety on two separate grounds: (i) disallowance of the Claims pursuant to Section 502(e)(1)(B) of The Bankruptcy Code; and/or (ii) disallowance of the Claims because of issue preclusion; and (2) disallow the reimbursement claim for attorney fees in the amount of $102,556.54.

Respectfully submitted on March 21, 2024

**PARKINS & RUBIO LLP**

*/s/ Lenard M. Parkins*
Lenard M. Parkins
TX Bar No. 15518200
Charles M. Rubio
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Phone: (713) 715-1660
Fax:    (713) 715-1669
Email: lparkins@parkinsrubio.com
          crubio@parkinsrubio.com

***Counsel to the Debtors***

26