United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90001 |
| ACCLIVITY ANCILLARY | § | |
| SERVICES LLC, *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

A group of claimants seeks equitable indemnity against Acclivity West, LLC.  Under California law, the absence of Acclivity West's joint liability with the claimants means the equitable indemnity claims fail.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## BACKGROUND

### I. FACTUAL BACKGROUND

Acclivity West's motion for summary judgment on the claims involves four claimants and three prior lawsuits.

#### A. Claimants

Claimants are a group of sales representatives for one of the Debtors.  The claimants are Kelly Woo, Aleksander Dyo, Profectus Wealth Management Co. and Profectus Financial & Insurance Services, Inc.  ECF No. 281 at 4.  Woo and Dyo co-own Profectus Wealth and Profectus Financial.  ECF No. 222-12 at 13–14.

Claimants' respective Sales Representative Agreements with Acclivity West provided Acclivity West with certain indemnity rights against Claimants. The indemnity provision states:

> Section 5.1. Indemnification by the Sales Representative. The Sales Representative shall indemnify, defend and hold harmless Acclivity West, its Affiliates, their respective shareholders, members, managers, agents, employees, attorneys, accountants, representatives and their respective heirs, successors and permitted assigns, each in their capacity as such (each, an "Acclivity West Indemnified Person") from, against and in respect of any damages, losses, diminution in value, charges, obligations, liabilities, claims, demands, actions, suits, proceedings, payments, judgments, settlements, assessments, deficiencies, taxes, loss of current or future tax benefits, fines, interest, penalties and costs and expenses (including reasonable fees and expenses of attorneys) (collectively, "Losses") imposed on, sustained, incurred or suffered by any Acclivity West Indemnified Person directly or indirectly relating to, arising out of or resulting from (a) any breach of or inaccuracy in any representation or warranty made by the Sales Representative contained in this Agreement, (b) any breach, violation or nonfulfillment of any covenant or agreement of the Sales Representative contained in this Agreement, (c) any violation of Applicable Law by the Sales Representative, or (d) gross negligence, fraud or willful misconduct by the Sales Representative.

ECF No. 281 at 5.

### B. Prior Lawsuits

The three prior California lawsuits relevant to resolution of the motion are the Sedlar-Sholty suit, the Mohr suit, and the Huh suit.

The Sedlar-Sholty lawsuit commenced in 2021 when some purchasers of Acclivity West's life policy settlement shares sued Acclivity West in California superior court. ECF No. 222 at 12. The plaintiffs sued for negligence, breach of fiduciary duty, and intentional and negligent misrepresentation. *Id.*

The Mohr lawsuit commenced in 2021 when Woo and Dyo sued Acclivity West in California superior court. ECF No. 281 at 5. The plaintiffs sought declaratory relief as to their indemnity rights. ECF No. 222-1 at 60. Acclivity West filed a cross-complaint against Woo, Dyo, and others, and then removed the action to the United States Bankruptcy Court for the Central District of California. *Id.* at 6. After it filed for chapter 11 in this District, Acclivity West successfully moved to transfer venue to this Court. ECF No. 281 at 6.

The Huh lawsuit commenced in 2023 when John Huh, another purchaser, sued both Acclivity West and Claimants in California superior court. ECF No. 281 at 6. The plaintiffs asserted claims for breach of contract, breach of fiduciary duty, negligence, and intentional and negligent misrepresentation. *Id.* Acclivity West filed a cross-complaint against the plaintiffs, removed the action to the United States Bankruptcy Court for the Central District of California, and successfully moved to transfer venue to this Court. *Id.* at 6–7.

In June 2023, Acclivity West was dismissed as a defendant in the Huh lawsuit because the court found the causes of action asserted against Debtor were identical to those in the Sedlar-Sholty suit. ECF No. 222 at 14. Huh subsequently joined the Sedlar-Sholty suit as a plaintiff. *Id.*

In September 2023, the state court in the Sedlar-Sholty lawsuit dismissed all claims against Acclivity West. ECF No. 222-8 at 5. The state court made the following findings: (i) on the negligence claim, Acclivity West owed no duty to the plaintiffs; (ii) on the breach of fiduciary duty claim, Acclivity West had no fiduciary relationship with the plaintiffs; and (iii) on the intentional and negligent

misrepresentations claims, Acclivity West made no actionable misrepresentation to the plaintiffs. *See* ECF No. 222-10 (motion for summary judgment) & ECF No. 222-8 (order granting summary judgment).

The state court order was not appealed. ECF No. 222 at 13; *see* ECF No. 222-15.

## II.  PROCEDURAL BACKGROUND
### A.  Proofs of Claim

Claimants filed four proofs of claim for equitable indemnity against Acclivity West for attorney's fees and damages incurred in the Sedlar-Sholty, Mohr, and Huh lawsuits. ECF No. 222 at 4–5; s*ee* ECF No. 222-1 through 222-4 (proofs of claim). The total sought across the four proofs of claim is $6,482,463.11.

The first was filed by Woo. ECF No. 222-1 (Proof of Claim No. 16). It asserts a general unsecured claim against Acclivity West in the amount of $1,215,128.86. ECF No. 222-1 at 3.

The second was filed by Dyo. ECF No. 222-2 (Proof of Claim No. 17). It asserts a general unsecured claim for $1,214,234.35. ECF No. 222-2.

The third was filed by Profectus Wealth. ECF No. 222-3 (Proof of Claim No. 18). It asserts a general unsecured claim for $1,211,161.81. ECF No. 222-3.

The fourth was filed by Profectus Financial. ECF No. 222-4 (Proof of Claim No. 20). It asserts a general unsecured claim for $2,841,938.09. ECF No. 222-4.

The basis of each claim is the alleged non-contractual equitable indemnification obligation of Acclivity West to indemnify Claimants for damages and attorney's fees from the prior lawsuits. ECF No. 222 at 9–11.

### B. Motion for Summary Judgment

On March 21, 2024, Acclivity West moved for summary judgment on the four proofs of claim. ECF No. 222. Acclivity West argues the claims should be disallowed under § 502(e)(1)(B) of the Bankruptcy Code or otherwise fail as equitable indemnity claims.

First, Acclivity West argues § 502(e)(1)(B) mandates the disallowance of the four claims as contingent claims for indemnity for which a debtor is co-liable with a claimant. ECF No. 222 at 18; *see* 11 U.S.C. § 502(e)(1)(B).

Second, Acclivity West alternatively argues that Claimant's equitable indemnity claims fail because they lack a necessary element under California law—joint liability. ECF No. 222 at 24; *see also* ECF No. 329 at 7.

Claimants opposed the motion, arguing § 502(e)(1)(B) was not applicable because Acclivity West is not jointly liable. ECF No. 281 at 16–17. Rather, Claimants argue "Debtor's liability is to Claimants, and Claimants only. . . . Accordingly, Debtor and Claimants are not co-liable for the attorney['s] fees and costs incurred by Claimants in the Lawsuits and thus, [§] 502(e) is not applicable." *Id.*

### C. Summary Judgment Hearing

At the April 30, 2024, the Court stated that summary judgment likely fails on the basis of § 502(e)(1) because it is undisputed that there is no joint liability. ECF No. 314 at 67. The Court requested briefing as to if there can be a finding of equitable indemnity in the absence of joint liability. ECF No. 314 at 67.

## LEGAL STANDARD

### I. SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005)). A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. Fed. R. Civ. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## II.  CLAIM DISALLOWANCE

Section 502(b)(1) states a claim is disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]"  11 U.S.C. § 502(b)(1).

## III.  EQUITABLE INDEMNITY

California indemnity law governs our determination.  "In general, indemnity refers to the obligation resting on one party to make good a loss or damage another party has incurred."  *Prince v. Pac. Gas & Elec. Co.*, 202 P.3d 1115, 1119 (Cal. 2009) (internal quotation marks omitted).  Historically, there were three types of indemnity: (i) express indemnity, provided for by contract; (ii) implied contractual indemnity, implied by but not mentioned in a contract; and (iii) traditional equitable indemnity, which arises from a case's equities.  *Id.*  Today, only two basic types of indemnity are recognized in California: express indemnity and equitable indemnity.  *Id.*

Equitable indemnity is a common law doctrine.  *Am. Motorcycle Assn. v. Superior Court,* 578 P.2d 899, 901 (Cal. 1978).  As the Supreme Court of California explained, equitable indemnity

> relates to the allocation of loss among multiple tortfeasors. As we explain, California decisions have long invoked the equitable indemnity doctrine in numerous situations to permit a "passively" or "secondarily" negligent tortfeasor to shift his liability completely to a more directly culpable party.  While the doctrine has frequently prevented a more culpable tortfeasor from completely escaping liability, the rule has fallen short of its equitable heritage because, like the discarded contributory negligence doctrine, it has worked in an "all-or-nothing" fashion, imposing liability on the more culpable tortfeasor only at the price of removing liability altogether from another responsible, albeit less culpable, party.

*Id.* at 902. "A tortfeasor is one who is liable for damages to the injured plaintiff." *Watson v. Dep't of Transp.*, 68 Cal. App. 4th 885, 892 (1998).

In California, "[u]nlike express indemnity, traditional equitable indemnity requires no contractual relationship between an indemnitor and an indemnitee. Such indemnity is premised on a joint legal obligation to another for damages, but it does not invariably follow fault." *Prince,* 202 P.3d at 1120 (internal quotation marks omitted).

Explaining why joint liability is a necessary element for equitable indemnity, the Supreme Court of California stated: "A key restrictive feature of traditional equitable indemnity is that, on matters of substantive law, the doctrine is wholly derivative and subject to whatever immunities or other limitations on liability would otherwise be available against the injured party. . . . This rule is often expressed in the shorthand phrase 'there can be no indemnity without liability.'" *Id.* (internal quotation marks omitted) (cleaned up).

Simply put, "[i]f the alleged tortfeasor is not liable at all[,] no tenable claim can be made for indemnity[.]" *Watson,* 68 Cal. App. 4th at 892.

## DISCUSSION

Claimants are unable to make a claim for express indemnity because the indemnity provision, § 5.1 of the Sales Representative Agreements, unambiguously provides Acclivity West—and Acclivity West alone—an indemnity right. ECF No. 281 at 5.

Claimants instead turn to equitable indemnity because, "[u]nlike express indemnity, traditional equitable indemnity requires no contractual relationship between an indemnitor and an indemnitee." *See Prince,* 202 P.3d at 1120. Rather, "[s]uch indemnity is premised on a joint legal obligation to another for damages[.]" *See id.*

Acclivity West's joint liability is, indisputably, a necessary prerequisite to Claimants' equitable indemnity claims. *See Watson*, 68 Cal. App. 4th at 892 ("If the alleged tortfeasor is not liable at all[,] no tenable claim can be made for indemnity[.]").

The parties do not dispute that the California trial court granted summary judgment in Acclivity West's favor in the Sedlar-Sholty lawsuit, dismissing all claims against it. ECF No. 222-8; *see* ECF No. 330 at 11. The court found Acclivity West had no liability on the negligence, breach of fiduciary duty, and intentional and negligent misrepresentation claims. There are two consequences to this fact.

Because Debtor "is not liable at all," Claimants are unable to make any tenable equitable indemnity claims. *See Watson*, 68 Cal. App. 4th at 892. As a result, Acclivity West's second argument for summary judgment, which rests upon an *absence* of co-liability, succeeds.

Under § 501(b)(1), applicable California indemnity law prevents Claimants' claims. Therefore, proofs of claim 16, 17, 18 and 20 are unenforceable against Debtor.

## CONCLUSION

A separate order will be entered.

SIGNED 08/20/2024

_____
Marvin Isgur
United States Bankruptcy Judge